IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STEVEN VICKNAIR                                   CIVIL ACTION NO.

*Plaintiff,*                                      _____

VS.

GEORGIA AQUARIUM, INC.

*Defendant,*

_____/

## PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW STEVEN VICKNAIR, (hereinafter "Plaintiff"), complaining of and against GEORGIA AQUARIUM, INC. (hereinafter "Defendant"), and for cause of action, would respectfully show as follows:

### A. PARTIES

1. Plaintiff is a resident of Montgomery County, Texas.

2. Defendant Georgia Aquarium, Inc. is a domestic nonprofit corporation that is doing business in the State of Georgia and may be served by and through its registered agent for service of process CT Corporation System at 289 S. Culver Street, Lawrenceville, GA, 30046.

1

## B. JURISDICTION AND VENUE

3. This Court has jurisdiction over all of the parties and the subject matter involved in this litigation pursuant to 28 U.S.C. § 1332(a)

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(2) because the wrongful act or omission of Defendant occurred within this Judicial District.

## C. FACTUAL ALLEGATIONS

5. On or about April 30, 2023, Plaintiff was attending a convention at the Georgia Aquarium located at 225 Baker St NW, Atlanta, GA 30313, which was owned, operated, and/or controlled by Defendant. While he was walking through the aquarium on his way to a restroom, Plaintiff slipped and fell due to liquid that was on the floor unbeknownst to him. Before Plaintiff fell, he did not see the liquid on the floor, and there was no wet-floor sign near the dangerous liquid to warn him to avoid it. When Plaintiff fell, he hit the floor hard on his bottom, then fell back and hit his head on the floor.

6. Defendant knew or should have known about the liquid and breached its duty to make the premises reasonably safe by failing to clean the liquid up or stationing a wet-floor sign nearby. As a result of Defendant's actions and/or omissions, Plaintiff fell and suffered a headache, lower-back pain, pain in his buttocks, and pain

in his left leg. Thereafter, Plaintiff experienced difficulty standing continuously and walking.

### D. CLAIMS FOR RELIEF

#### Negligence

7. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 6.

8. At the time of the incident made the basis of this suit,

   a. Plaintiff was an invitee on the premises. As a result, Defendant owed a duty to exercise ordinary care to Plaintiff at the time of said incident;

   b. Defendant had actual or constructive knowledge of a hazard on the premises in the form of accumulated liquid on the floor;

   c. Defendant breached its duty to make the premises reasonably safe by cleaning up the liquid or erecting a wet-floor sign,

   d. Plaintiff did not see the accumulated liquid before he fell even though he exercised the prudence that an ordinarily prudent person would exercise in a similar situation and;

   e. Defendant's breached of its duty proximately caused Plaintiff's injuries.

9. Defendant is vicariously liable for the negligent acts and/or omissions of its employees via the doctrine of *respondeat superior*.

## E. DAMAGES

10. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 9.

11. Defendant's negligence was a proximate cause of the subject incident and of the following injuries and damages suffered by Plaintiff:

   a. Reasonable and necessary medical expenses incurred in the past, and, in all reasonable medical probability, reasonable and necessary medical expenses to be incurred in the future;

   b. Physical pain and suffering in the past, and, in all reasonable probability, physical pain and suffering in the future;

   c. Mental anguish in the past and, in all reasonable probability, mental anguish in the future; and

   d. Loss of earning capacity in the past, and, in all reasonable probability, loss of earning capacity in the future.

## F. PRAYER FOR RELIEF

12. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully demands the following relief:

   a. a trial by jury;

   b. that process be issued and that service be had on Defendant

   c. that the Court empanel a jury for trial of all issues in this case;

    d.    that Plaintiff be awarded all damages allowed by law for all claims set forth herein;

    e.    that all costs and expenses of litigation, including attorney's fees, be taxed against Defendant; and

    f.    Any and all further relief, be it general or special, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted this 25th day of March, 2025.

                                                  COHEN HIRSCH, LP

                                                  /s/ Andrea Hirsch
                                                  Andrea Hirsch
                                                  Georgia Bar No. 666557
                                                  *Attorney for Plaintiff*

5256 Peachtree Rd
Suite 195E
Atlanta, Georgia 30341
Tel: 678-362-4444
Email: andrea@cohenhirsch.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(C)

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing document has been prepared in compliance with Local Rule 5.1(C) of the Northern District of Georgia. This document was prepared in **Times New Roman, 14-point font**, and in accordance with all formatting requirements set forth in the Local Rules.

Respectfully submitted this 25th day of March, 2025.

                                                COHEN HIRSCH, LP

                                                /s/ Andrea Hirsch
                                                Andrea Hirsch
                                                Georgia Bar No. 666557
                                                *Attorney for Plaintiff*

5256 Peachtree Rd
Suite 195E
Atlanta, Georgia 30341
Tel: 678-362-4444
Email: andrea@cohenhirsch.com